UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLOBAL CROSSING BANDWIDTH, INC.,

                    Plaintiff,                03-CV-6665T

             v.                     **DECISION**
                                                  **and ORDER**
CENTRIX TELECOM, L.L.C.,

                    Defendant.
_____

INTRODUCTION

    Plaintiff, Global Crossing Bandwidth, Inc., ("plaintiff" or "Global Crossing") brings this action for breach of contract against Centrix Telecom, L.L.C., ("defendant" or "Centrix")seeking to recover $4,161,343 for telecommunications services provided to Centrix. Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure claiming entitlement to this amount based on the contract provisions set forth in the carrier service agreement. Also for determination is defendant's motion for default judgment in its favor for the five counterclaims it asserted against plaintiff because of plaintiff's failure to answer to these claims.

    For the reasons set forth below, both Global Crossing's motion for summary judgment and Centrix's motion for default judgment are denied.

<u>BACKGROUND</u>

On August 7, 2001, Global Crossing and Centrix entered into an eighteen-month carrier service agreement (the "agreement"), by which Global Crossing agreed to provide certain telecommunications services to Centrix for a specified fee. This agreement was amended thereafter on three separate occasions. The agreement provided *inter alia* that at the end of each billing cycle, Global Crossing was required to issue an invoice to Centrix for services provided. The agreement also provided that in the event Centrix disputed any charges listed in a particular invoice, it was required within ninety days from its receipt to lodge a *written* objection filed on a specified Global Crossing billing dispute form. Global Crossing would then investigate the objection, however, Centrix was not permitted to withhold the disputed amount pending resolution of the objection. In addition, if Centrix failed to file a reported dispute within the specified time it was deemed to have waived its right to dispute the invoice. Furthermore, the contract provided that oral modifications of the agreement were unenforceable unless they were reduced to writing and agreed to by both parties.

Defendant alleges that Global Crossing over billed on a regular basis. When disputing the over billings, Centrix maintains that Global Crossing instructed the company to "not file any written disputes" but to contact the account representatives directly for a quicker resolution. Following these instructions,

Centrix resolved most billing disputes with Global Crossing in this manner.

## PROCEDURAL HISTORY

On January 28, 2002, Global Crossing filed for Chapter 11 bankruptcy protection in the Southern District of New York, resulting in an automatic stay of all claims against it pursuant to 11 U.S.C. § 362. Global Crossing's Plan of Reorganization was approved on December 26, 2002, and became effective on December 9, 2003. On December 31, 2003, Global Crossing initiated this suit, alleging that Centrix breached the agreement by failing to pay the amount of $4,161,343 for services rendered. On March 12, 2004, Centrix filed its answer to Global Crossing's Complaint and asserted six separate counterclaims: (1) breach of contract for over billing; (2) breach of contract for wrongful termination; (3) conversion; (4) unjust enrichment; (5) fraud; and (6) accounting. Plaintiff then moved to dismiss the counterclaims on April 1, 2004 claiming that they were contrary to its bankruptcy reorganization plan. On October 7, 2004, this Court, in a written decision, denied plaintiff's motion to dismiss defendant's first, third, fourth, fifth, and sixth counterclaims.  However, the Court dismissed the second counterclaim because it was not based in recoupment.  On April 1, 2005, plaintiff moved for summary judgment. On June 13, 2005, defendant, in addition to responding to plaintiff's motion for summary judgment, also moved for default judgment in its favor on its counterclaims because plaintiff had failed to submit a timely answer with respect to counterclaims 1, 3, 4, 5, 6.

DISCUSSION

I. Plaintiff's Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment as a matter of law only where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact..." Fed.R.Civ.Pro. 56. The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists, and in making the decision the Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003) (citing Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002)).

Here, plaintiff argues that Centrix did not pay for its services and failed to resolve its billing disputes in accordance with the specific billing provisions as provided in the agreement, thus, the $4,161,343 is due and summary judgment should be granted in its favor. Centrix responds claiming that Global Crossing encouraged its employees to resolve disputed charges in the invoices by discussing it informally with their account representatives – a procedure inconsistent with the language of the agreement. In addition, Centrix claims that credits to its account were then granted after they orally resolved billing problems with the Global Crossing account representatives. Thus, a material question of fact is presented as to whether the billing correction

procedure authorized by Global Crossing's account representatives became a modification of the contract which was relied upon by Centrix. Plaintiff responds by seeking refuge in the integration clause of the contract which requires that only written amendments consented to by the parties are enforceable. That is facially inconsistent with the law of this Circuit which provides:

> Even when it is provided that modifications to contract must be in writing and signed, New York will enforce oral modifications in two circumstances: when there has been 1) partial performance, or 2) reliance, but only where the subsequent performance is unequivocally referable to the modification.

John Street Leasehold LLC v. FDIC, 196 F.3d 379,382 (2d Cir. 1999).

Thus, because a mixed question of law and fact is presented, plaintiff's motion for summary judgment is denied.

## II. Defendant's Motion for Default Judgment

Defendant Centrix moves for default judgment in its favor pursuant to Rule 55 of the Federal Rules of Civil Procedure claiming that Global Crossing failed to file an answer to Centrix's remaining counterclaims as set forth in my decision dated October 7, 2004. The Court prefers a liberal construction of this rule because it is preferable to resolve disputes based on the merits of the case, rather than on the procedural technicalities. Richardson Greenshields Securities, Inc., v. International Petroleum Corp., No. 84 Civ. 2680, 1985 U.S.Dist. LEXIS 20974, at *9 (S.D.N.Y. April 8, 1985). Whether or not a default judgment should be entered in the case is a decision that is left to the

sound discretion of the Court.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

Here, Global Crossing acknowledges that it inadvertently failed to file a timely answer to Centrix's remaining counterclaims. However, I conclude that Centrix has not been prejudiced because of the delay because Centrix never moved for default judgment until after plaintiff's motion for summary judgment was filed - <u>eight months</u> after the answer was due.  Thus, the motion for default judgment in favor of Centrix based on Global Crossing's failure to answer is denied.

<u>CONCLUSION</u>

For the reasons set forth above, I deny plaintiff's motion for summary judgment and deny defendant's motion for default judgment.

<u>    </u>ALL OF THE ABOVE IS SO ORDERED.

<u>   S/Michael A. Telesca     </u><br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   Rochester, New York
        December 8, 2005<u>    </u>